# Staunton.

Miller, T. W., v. Ferguson and Others.

September 16, 1909.

1. Partnership—*Trust Relation—Adverse Interest.*—A relation of trust
   and confidence exists between partners in respect to their deal-
   ings with matters pertaining to the partnership. Hence one
   partner will not be allowed to make a profit on his copartners
   by the purchase of property of the firm, or of a claim against it.
2. Partnership—*Purchase of Judgment of one Partner Against An-
   other.*—Where parties are partners in but a single transaction,
   the purchase by one partner with his own means of a judgment
   against another partner which is in no wise connected with his
   partnership affairs, at a time when no funds have arisen out of
   which the latter is entitled to claim profits, is outside the scope
   of the partnership business, and is not forbidden by law.

Appeal from a decree of the Circuit Court of Wythe county.
Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Scott & Buchanan,* for the appellant.

*Robertson, Hall, Woods & Jackson,* and *Robertson, Smith &
Wingfield,* for the appellees.

Whittle, J., delivered the opinion of the court.

This case is before us for the second time. The original
suit was brought by the appellant, Thomas W. Miller, against
the appellees, Ferguson and Terry, to enforce an alleged parol
agreement between the parties for the purchase of the "Miller
Hill" property, in the city of Roanoke, upon the stipulations

that Terry and Ferguson were to advance the purchase money, and the property when acquired should be divided into lots and sold, and, after defraying expenses and refunding the purchase price, with interest, the net profit arising from the sale was to be shared equally by the parties.

The circuit court dismissed the bill, but on appeal this court reversed the decree, and having established the partnership as outlined above, remanded the case with directions that unless the parties in interest could reach an agreement among themselves the circuit court should sell the property upon such terms as it might prescribe and dispose of the proceeds of sale in accordance with the views expressed in the written opinion of this court. *Miller* v. *Ferguson,* 107 Va. 349; 57 S. E. 649, 122 Am. St. Rep. 840.

The parties failing to agree, the land was sold, and it is admitted that the net proceeds of the sale amount approximately to $18,000.

We shall dispose of the contention of the appellant, that he is entitled to the entire fund under the former decision of this court, by the statement that the circuit court has correctly interpreted the opinion and decree of this court in holding that Miller "was a partner in the land transaction in the bill and proceedings mentioned, and, as such, was entitled to one-third of the proceeds of the sale of the land, after defraying the expenses of obtaining the same, and refunding the purchase price thereof with interest."

The sole question which claims our attention on this appeal arises upon the petition of Ferguson and Terry, in which they seek to offset the costs awarded Miller in this court with a judgment recovered by the Fidelity Loan and Trust Company against him, and to subject his interest in the fund under the control of the court to its satisfaction.

That judgment was assigned by the Fidelity Loan and Trust Company to Ferguson and Terry on July 10, 1905, a short time before the institution of the suit by Miller against them

to establish the partnership. Miller, in his answer to the petition, denies that the judgment is a subsisting lien, and attempts to show that prior to the assignment the judgment had been satisfied by certain transactions between himself and the secretary and treasurer of the Fidelity Loan and Trust Company.

It would serve no good purpose to trace the history of the negotiations by which Miller sought to have the judgment declared satisfied. It is sufficient to say that his efforts in that regard proved unavailing, and that the evidence shows that the judgment, subject to credits with respect to which the circuit court has directed an inquiry, constitutes a valid lien upon his property, except, of course, that the entire capital stock and plant of the Roanoke Title and Conveyance Company and the earnings therefrom (the property of Thomas W. Miller) are, by written agreement between him and the Fidelity Loan and Trust Company, made prior to the assignment of the judgment to Ferguson and Terry, to be free from any lien by reason of said judgment, or any execution thereon.

But it is insisted that even though the judgment be still unsatisfied, the confidential relations arising out of the contract of partnership forbade that Ferguson and Terry should acquire a judgment against their copartner, to be used as a set-off upon the settlement of the partnership accounts.

It is true that a relation of trust and confidence exists between partners in respect to their dealings with matters pertaining to the partnership; and it is upon that principle that where one partner buys property belonging to the firm, or where he buys a claim against the firm, he acquires it for the benefit of the partnership and can assert it against the firm only for the amount which it actually costs him.

The doctrine is thus stated in 1 Minor on Real Property, sec. 501: "It is a general principle of equity no less than of conscience that a trustee should not employ the property he holds in trust for his own private gain, but all profits accruing from

such employment must be held to redound to the advantage of the *cestui que trust.* Hence, if a trustee compounds a debt due from the trust fund, or buys it for less than its nominal amount, the benefit accrues, not to himself personally, but to the fund."

Still, the purchase by one partner with his own means of an individual judgment against another partner, at a time when no funds had arisen out of which the latter was entitled to claim profits, is outside of the scope of the partnership business; and whatever view may be taken of such transactions from the standpoint of propriety, we know of no rule of law which forbids it.

The case of *Alexander* v. *Morris,* 3 Call 89, is relied on by the appellant to sustain the contrary doctrine. The points decided in that case are correctly set forth in the syllabus as follows: "A factor, indebted to his principal at the time, cannot sell the property of the principal to pay endorsements in the course of his factorage. Nor can a factor buy up the debts of his principal at an under rate, and claim credit for their nominal amount; but in such case he will only be allowed what he actually paid, although the purchase was made after the factorage had ceased and the principal had brought suit for an account."

In *Alexander* v. *Morris,* the factor had been guilty of a breach of trust in withholding his employer's funds for ten years, and at the close of a protracted litigation with the principal, after his liability had been fixed, a court of equity refused to permit him to "trump up claims" against his principal by purchasing outstanding bills at a heavy discount, and use them as setoffs at their face value.

As remarked, the purchase by Ferguson and Terry of the judgment in question was made with their individual means and before suit brought, or profits accrued, and had no connection whatever with the partnership, which was of an extremely limited character, involving the single transaction of buying the

"Miller Hill" property for the purpose of subdividing it into lots and selling them at a profit.

In 30 Cyc. 459, after treating of prohibited transactions between partners, it is said: "Interests adverse to a copartner may, however, be lawfully acquired by a partner, when these are outside of the partnership affairs, for in such transactions they are in no sense confidential agents or trustees for each other."

This principle is well sustained by authority. Story on Agency, sec. 125; *McKinzie* v. *Dickenson,* 43 Cal. 119; *Wheeler* v. *Sage,* 1 Wall. 518, 17 L. Ed. 646; *Latta* v. *Kilbourne,* 150 U. S. 524, 37 L. Ed. 1169, 14 Sup. Ct. 201.

For these reasons we are of opinion that there is no error in the decree complained of, and it must be affirmed.

*Affirmed.*